IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

WILLIAM F. LAFFOON, )
 )
 Plaintiff, )
 )
 ) CIV-15-509-D
v. )
 )
LINDA JESTER, et al., )
 )
 Defendants. )

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In Plaintiff's Complaint filed May 11, 2015, Plaintiff alleged that Defendant Jester, in her position as the "mailroom supervisor" at Cimarron Correctional Facility ("CCF"), a private prison in Cushing, Oklahoma, "refused to mail my legal mail by legal disbursment [sic] . . . causing me to miss deadlines on my notice of intent to appeal post conviction relief and petition in error." Plaintiff further alleges that CCF Warden McBurny "did nothing to help me against [Defendant] Jester's wrongful acts."

In count one of the Complaint, Plaintiff alleges his Fourteenth Amendment and Tenth Amendment rights to access the courts was violated by Defendants Jester and McBurny. In count two, Plaintiff alleges that his "Tenth Amendment right to access to legal metierials

1

[sic]" was violated because "staff refuses to give me my allowed one cubic foot of legal metierials [sic] . . . ." As relief, Plaintiff requests "[a] new direct appeal in Oklahoma Court of Criminal Appeals and immediate laderial [sic] move from this facility to Joseph Harp Correction[al Facility]."

On August 27, 2015, Plaintiff was ordered to furnish within twenty (20) days sufficient copies of the Complaint and the necessary service papers to the Clerk of the Court for processing and issuance in order to effect service of process on the Defendants. Plaintiff was advised in this Order (Doc. # 16) that proof of service is his responsibility and must be completed within 120 days of the date of the Order.

At the time Plaintiff filed his pleadings and also at the time the Order (Doc. # 16) was entered, Rule 4(m) provided that if "service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice." Effective December 1, 2015, Rule 4(m) was amended to require that service of process upon a defendant be completed within ninety (90) days of the filing date. Because Plaintiff's cause of action was commenced prior to that date, Plaintiff has been given the benefit of the previous version of Rule 4(m).

Plaintiff has not requested an extension of time to comply with the Order Requiring Service and Special Report, and Plaintiff has not complied with the directives regarding service set forth in the Order.

Both the previous and the current versions of Rule 4(m) provide that the court may

extend the time for service if the plaintiff shows "good cause" for the failure to timely serve the defendant. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995)("If good cause is shown, the plaintiff is entitled to a mandatory extension of time.").

Plaintiff was notified in an Order entered December 28, 2015, that the undersigned would recommend the dismissal of this action without prejudice unless Plaintiff showed good cause by January 18, 2016, for his failure to timely serve Defendants with process under the former version of Rule 4(m). In a letter filed by Plaintiff on January 7, 2016, and addressed to the Clerk of the Court, Plaintiff vaguely asserts that he had "been in segrigation [sic] since September 13th 2015" and that he was recently transferred to the Davis Correctional Facility in Holdenville, Oklahoma, where he had "[n]o access to law library legal mateirials [sic] phones or my property . . . ." These allegations are vague and fail to provide good cause for Plaintiff's failure to comply with the Court's Order entered five months ago and his failure to effect timely service of process in this action.

The finding that Plaintiff has not demonstrated good cause for a mandatory extension of time to effect service does not end the Court's inquiry. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." Id. at 841. A permissive extension of time may be warranted "if the applicable statute of limitations would bar the refiled action" or where "policy considerations might weigh in favor of granting a permissive extension of time." Id. at 842 (quotation and citation omitted).

In this case, the applicable statute of limitations governing Plaintiff's § 1983 claims

is two years. See Meade v. Grubbs, 841 F.2d 1512, 1524 (10th Cir. 1988). The Plaintiff has not alleged in the Complaint any dates on which Defendants allegedly violated his constitutional rights. Plaintiff has submitted as evidence in this case a copy of an order Declining Jurisdiction purportedly entered by the Oklahoma Court of Criminal Appeals ("OCCA") on July 20, 2015, declining to exercise jurisdiction over Plaintiff's attempted appeal of the district court's denial of post-conviction relief because his Petition in Error was not timely filed in the OCCA pursuant to the OCCA's procedural rules. Assuming that this appellate court order forms the basis for at least one of Plaintiff's claims for relief alleged in the Complaint, there is no evidence in the record that the applicable statute of limitations has expired or will soon expire as to Plaintiff's claims. Thus, a permissive extension of time to effect service is not warranted, and there are no other policy considerations that would warrant granting Plaintiff an extension of time to serve Defendants.

Therefore, the cause of action should be dismissed without prejudice for failure to timely serve Defendants and failure to prosecute. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007)(holding where the dismissal is without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures").

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED WITHOUT PREJUDICE for failure to timely serve the Defendants with

process and failure to prosecute. Plaintiff is advised of the right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by  February 24th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  4th  day of  February , 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE